# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

**ARRIVALSTAR S.A. and MELVINO
TECHNOLOGIES LIMITED,**

   **Plaintiffs,**

      **v.**

**ORIENTAL TRADING COMPANY, INC.,**

   **Defendant.**

**CASE NO. 9:15-CV-80216**

## DEFENDANT ORIENTAL TRADING COMPANY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant Oriental Trading Company, Inc. ("OTC") files this Answer and Affirmative Defenses and Counterclaim to Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited's ("Plaintiffs'") Original Complaint for Patent Infringement ("Complaint"). OTC denies the allegations and characterizations in Plaintiffs' Complaint unless expressly admitted in the following paragraphs:

## NATURE OF THE LAWSUIT

1.     OTC admits that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## JURISDICTION, VENUE, AND THE PARTIES

2.     OTC admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. OTC otherwise denies the remaining allegations of paragraph 2 of the Complaint.

3.     OTC admits that it has transacted business in this district.  OTC denies that it has committed any tortious act or act of infringement within this district or any other district.  OTC otherwise denies the remaining allegations of paragraph 3 of the Complaint.

4.     OTC admits that venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and 1400(b), but denies that venue in this District is convenient.

## THE PLAINTIFFS

5.     OTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, on that basis, denies all such allegations.

6.     OTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, on that basis, denies all such allegations.

## THE DEFENDANT

7.     OTC admits it is a Delaware corporation with a principal place of business at 5455 S 90th St, Omaha, NE 68127. Except as expressly admitted herein, OTC denies each and every allegation of paragraph 7 of the Complaint.

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

{00163233.DOC }

8.      OTC admits that the face of U.S. Patent No. 6,952,645[1] (the "'645 Patent") indicates that it is entitled "System and Method for Activation of an Advance Notification System for Monitoring and Reporting Status of Vehicle Travel" and issued on October 4, 2005. OTC admits that a purported copy of the '645 Patent is attached to the Complaint as Exhibit 1, but OTC lacks knowledge sufficient to confirm or deny if it is a true and correct copy.  OTC denies that the '645 Patent was lawfully issued. Except as expressly admitted herein, OTC denies each and every allegation of Paragraph 8.

9.      OTC admits that the face of U.S. Patent No. 7,400,970 (the "'970 Patent") indicates that it is entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle" and issued on July 15, 2008. OTC admits that a purported copy of the '970 Patent is attached to the Complaint as Exhibit 2, but OTC lacks knowledge sufficient to confirm or deny if it is a true and correct copy. OTC denies that the '970 Patent was lawfully issued. Except as expressly admitted herein, OTC denies each and every allegation of Paragraph 9.

10.      OTC admits that the face of U.S. Patent No. 6,904,359[2] (the "'359 Patent") indicates that it is entitled "Notification System and Methods with User-Definable Notifications Based Upon Occurrence of Events" and issued on June 7, 2005. OTC admits that a purported copy of the '359 Patent is attached to the Complaint as Exhibit

---

[1] The Complaint states "U.S. Patent No. 9,952,645," but OTC understands this number to be a typographical error, for no United States patent currently exists with that number.

[2] The Complaint states "U.S. Patent No. 9,904,359," but OTC understands this number to be a typographical error, for no United States patent currently exists with that number.

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

3, but OTC lacks knowledge sufficient to confirm or deny if it is a true and correct copy. OTC denies that the '359 Patent was lawfully issued. Except as expressly admitted herein, OTC denies each and every allegation of Paragraph 10.

11.     OTC admits the '359 Patent was the subject of an Inter Partes reexamination at the United States Patent and Trademark Office and that purported copy of the Reexamination Certificate, issued May 25, 2010, is attached to the Complaint as Exhibit 4, but OTC lacks knowledge sufficient to confirm or deny if it is a true and correct copy. OTC denies that the '359 Patent's Reexamination Certificate was lawfully issued. Except as expressly admitted herein, OTC denies each and every allegation of Paragraph 11.

## COUNT I
## [ALLEGED] DIRECT PATENT INFRINGEMENT

12.     OTC incorporates by reference the answers to paragraphs 1-11 above.

13.     OTC denies the allegations of paragraph 13.

14.     OTC denies the allegations of paragraph 14.

15.     OTC denies the allegations of paragraph 15.

## COUNT II
## [ALLEGED] INDIRECT PATENT INFRINGEMENT

16.     OTC incorporates by reference the answers to paragraphs 1-15 above.

17.     OTC denies the allegations of paragraph 17.

18.     OTC denies the allegations of paragraph 18.

19.     OTC denies the allegations of paragraph 19.

4

{00163233.DOC }

## JURY DEMAND

20.     Plaintiffs' request for a trial by jury does not require a response from OTC.

## PRAYER FOR [ALLEGED] RELIEF

21.     OTC denies that Plaintiffs are entitled to any relief from OTC and denies all of the allegations contained in Plaintiffs' Prayer for Relief.

22.     To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, OTC denies them.

## AFFIRMATIVE DEFENSES

OTC's Affirmative Defenses are listed below. OTC reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

23.     OTC does not and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '359, '645, or '970 Patents.

## SECOND DEFENSE

24.     Each asserted claim of the '359, '645, and '970 Patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35,

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

{00163233.DOC }

including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE

25.     To the extent that Plaintiffs and alleged predecessors in interest to the '359, '645, or '970 Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that OTC's actions allegedly infringed the '359, '645, and '970 Patents, OTC is not liable to Plaintiffs for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '359, '645, or '970 Patents.

## FOURTH DEFENSE

26.     To the extent that Plaintiffs asserts that OTC indirectly infringes, either by contributory infringement or inducement of infringement, OTC is not liable to Plaintiffs for the acts alleged to have been performed before OTC knew that its actions would cause indirect infringement.

## FIFTH DEFENSE

27.     Plaintiffs' attempted enforcement of the '359, '645, or '970 Patents against OTC is barred by laches and estoppel.

## SIXTH DEFENSE

28.     The claims of the '359, '645, and '970 Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by OTC.

## SEVENTH DEFENSE

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

{00163233.DOC }

29.     Plaintiffs' claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

## EIGHT DEFENSE

30.     Plaintiff's Complaint fails to state a claim upon which relief can be granted for indirect infringement.

## NINTH DEFENSE

31.     Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '359, '645, and '970 Patents do not claim patentable subject matter.

## COUNTERCLAIMS

## PARTIES

1.      Counterclaim Plaintiffs Oriental Trading Company, Inc. ("OTC") is a Delaware corporation, with a principal place of business in Omaha, Nebraska.

2.      On information and belief based solely on paragraph 5 of the Complaint as pled by Plaintiffs, Counterclaim Defendant ArrivalStar S.A. ("ArrivalStar") is a corporation organized under the laws of Luxembourg, having offices located at 67 Rue Michel, Welter L-2730, Luxembourg.

3.      On information and belief based solely on paragraph 6 of the Complaint as pled by Plaintiffs, Counterclaim Defendant Melvino Technologies Limited ("Melvino") is a corporation organized under the laws of the British Virgin Islands of Tortola, having offices located at P.O. Box 3174, Palm Chambers, 197 Main Street, Road Town, Tortola, British Virgin Islands.

7

## JURISDICTION

4.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq,*. and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

5.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

6.      Based on the Counterclaim Defendants' filing of this action and OTC's First Defense, an actual controversy has arisen and now exists between the parties as to whether OTC infringes the '359, '645, or '970 Patents.

7.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, OTC requests a declaration by the Court that it does not infringe any claim of the '359, '645, or '970 Patents under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

8.      Based on the Counterclaim Defendants' filing of this action and OTC's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '359, '645, and '970 Patents.

9.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and 35 U.S.C. § 100 *et seq.*, OTC requests a declaration by the Court that the claims of the '359, '645, and '970 Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, OTC asks this Court to enter judgment in OTC's favor and against ArrivalStar and Melvino by granting the following relief:

a)  a declaration that the asserted claims of the '359, '645, and '970 Patents are invalid;

b)  a declaration that OTC does not infringe, under any theory, any valid claim of the '359, '645, or '970 Patents that may be enforceable;

c)  a declaration that ArrivalStar and Melvino take nothing by their Complaint;

d)  judgment against ArrivalStar and Melvino, and in favor of OTC;

e)  dismissal of the Complaint with prejudice;

f)  a finding that this case is an exceptional case under 35 U.S.C. §  285 and an award to OTC of its costs and attorneys' fees incurred in this action; and

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133
{00163233.DOC }

g)  further relief as the Court may deem just and proper.

## **JURY DEMAND**

OTC hereby demands trial by jury on all issues.

Respectfully submitted,

Dated:  April 28, 2015

/s/Eleanor T. Barnett
Eleanor Barnett
Heller Waldman, P.L.
3250 Mary Street, Suite 102
Coconut Grove, FL  33133
Phone: 305-448-4144
Fax:  305-448-4155
Email: ebarnett@hellerwaldman.com

Counsel for Defendant
ORIENTAL TRADING COMPANY, INC.

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

{00163233.DOC }

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on April 28, 2015, per Local Rule CV-5.2(a).

<u>*/s/Eleanor T. Barnett*</u>
Eleanor Barnett

11

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

{00163233.DOC }